USCA1 Opinion

 

[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]United States Court of AppealsFor the First Circuit No. 98-1605 UNITED STATES, Appellee, v. PAUL E. KEAVENY, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] Before Stahl, Circuit Judge,Coffin, Senior Circuit Judge,and Lipez, Circuit Judge. Mark L. Sisti and Twomey & Sisti Law Offices on brief for appellant. Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant U.S. Attorney, on Motion for Summary Disposition.MARCH 4, 1999   Per Curiam. Defendant was convicted by a jury and sentenced to 96 months' imprisonment for a violation of the federal firearms statute. He alleges that the selection of the jury in his case was closed to the public by a court security officer in violation of his Sixth Amendment right to a public trial. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 7 (1986) (holding that the guarantee of an open public trial  includes the voir dire examination of jurors). Below, defendant's first objection to the alleged closure of the voir dire came in a post-trial motion to set aside the jury's verdict. The motion was denied by the trial judge without an evidentiary hearing on the ground that the objection was untimely. On appeal, defendant argues that the trial judge erred in (1) failing to grant a defense request for an evidentiary hearing on the alleged closure, and (2) failing to grant a new trial.  In opposition, the government has twice moved for a summary affirmance. We denied the government's first motion without prejudice to a renewal of the motion with "appropriate and relevant record citations for each of the factual assertions therein." The renewed motion includes record citations but the cited exhibits do not provide undisputed support for the government's factual contentions that the courtroom was never closed to the public during the jury selection process, and that the defense allegation was  "concocted." These are not the sort of matters of which this court can possibly take judicial notice. We also do not agree with the government's reading of the trial judge's decision as incorporating "factual findings" on the alleged courtroom closing. The decision confirms that there was no judicial order excluding the public, and reflects the court's skepticism of the defendant's claim. However, the court did not determine whether members of the public were in fact excluded nor whether the defendant's bypass of the objection constituted a knowing waiver. In the absence of a knowing waiver, constitutional concerns may be raised even by a court officer's unauthorized partial exclusion of the public.  See, e.g., United States v. DeLuca, 137 F.3d 24, 29-35 (1st  Cir.) (disapproving of the marshals' unauthorized initiation of security measures which effected a partial closure, but upholding a court order ratifying the measures on the second day of the trial in light of a balancing of the interests), cert. denied, 119 S. Ct. 174, 268 (1998); see also Martineau v. Perrin, 601 F.2d 1196 (1st Cir. 1979) (finding that a knowing and deliberate waiver of the right to a public trial was sufficient to overcome the constitutional presumption of prejudice arising from a bailiff's mistaken locking of the courtroom doors for several days of the trial).  We do not reach defendant's second contention that the availability of reasonable alternatives to a closure renders constitutionally impermissible any retrospective ratification hypothetically explained by space limitations or the like. A decision by us on that issue would be purely advisory without a determination of the predicate facts. We are reluctant to extend further the proceedings in this case. We can understand the skepticism that arises from the delay in raising this issue. But not only is a very substantial period of imprisonment involved but also the basic respect owed to the Sixth Amendment. If we err, we prefer to err in the direction of ascertaining with assuredness that basic rights have either been waived or observed. We therefore vacate the order denying the motion for a new trial and remand to enable the district court to conduct an evidentiary hearing or otherwise determine the crucial facts. The government's motions to dispense with oral argument and to file a motion memorandum in lieu of a brief are granted.  The district court's order denying defendant's motion for a new trial is vacated and the case is remanded for further proceedings consistent with this decision. See Loc. R. 27.1.